JOHN L. TERNES v. LULU WESTBERG AND OTHERS.
SOPHIA E. BERWALD AND ANOTHER,
APPELLANTS.[1]

March 2, 1956.

No. 36,773.

*Henry Levine,* for appellants.
*Ouimette & Erlandson* and *O. A. Brecke,* for respondent.

[1]Reported in 75 N. W. (2d) 415.

KNUTSON, JUSTICE.

Appeal from an order denying the motion of defendants Sophia E. Berwald and Helen D. Berwald for amended findings or a new trial.

Prior to August 1953 defendant Lulu Westberg was the owner of a house in Minneapolis described as 420 Oak Street Southeast. In December 1952 plaintiff did some repair work for her on the house, for which he was paid. Subsequent thereto he did additional work, the last item of which was completed on May 23, 1953. Not having been paid, plaintiff filed a mechanic's lien on July 30, 1953, for the total amount of $1,750. Thereafter during August 1953, defendants Berwald acquired the property and moved in in September. Defendant Westberg filed a petition in bankruptcy in which she listed the amount of plaintiff's claim at $1,750 and thereafter was discharged in bankruptcy. This action was commenced to foreclose the lien. The trial court ordered judgment in favor of plaintiff against defendant Westberg for $1,163.62 and ordered a foreclosure of the lien for the satisfaction of the judgment, with interest, attorney's fees, and costs.

The contentions of defendants Berwald, hereinafter called defendants, are: (1) That the lien was not filed within the statutory time; (2) that the court erred in allowing a lien on the premises for the reason that there had been no proof of the reasonable value of the amount of the lien and plaintiff had no agreement with the Berwalds for the performance of the work; and (3) that the lien was void under M. S. A. 514.74.

■ Several of defendants' assignments of error are so interrelated that they may be discussed together. Plaintiff, in his lien statement, claimed that the work began on February 11, 1953, and ended on May 23, 1953. On cross-examination defendants were able to get plaintiff to admit that there were 95 days between February 11 and May 23. They then were able to confuse plaintiff sufficiently, by showing work done in December for which he had been paid and which was not involved in the lien at all, to admit that some work had been done in December. By then working forward from December and applying the 95-day formula, defendants seek to convince

us that the work must have been completed prior to May 23 and, therefore, that the lien was not filed in time. Defendants' argument is not at all convincing. Plaintiff insisted at all times that the last work was done on May 23, no matter when it began or how many days elapsed between the first and the last item. The work was done intermittently. It was not continuous from day to day. Whether the last day was May 23 purely was a question of fact. When the work began was of no material consequence except insofar as it became important by applying defendants' 95-day period. The trial court has decided this issue adversely to defendants, and that should end the matter.

Defendants next contend that plaintiff has failed to prove the reasonable value of the work, which they contend is necessary under § 514.03 as to the Berwalds. The Berwalds purchased the property with knowledge of plaintiff's claim; the lien had then been filed. At the time the work was done, the agreement was with the owner of the premises. We see no merit in this contention.

■ Apparently defendants also claim that the work was done under a contract with the owner. The evidence is clear that the work was done partly on small contracts and partly on an hourly basis, plus the value of the materials furnished. However, it was all one improvement project. Defendant Westberg intended to pay for it out of a loan which she intended to procure when the work was finished. Where the work is all part of a single improvement project, a single lien statement may be filed even though separate parts of the project are done under several small contracts. Northwestern Lbr. & Wrecking Co. v. Parker, 125 Minn. 107, 145 N. W. 964. The evidence sustains the court's findings that plaintiff has sufficiently proved the value of the work done on an hourly basis and the amount of the contract for that part of the work done under contract.

■ The only other question which merits any discussion is the claim that plaintiff is not entitled to a lien on account of a violation of § 514.74. As far as here material, this section reads:

"* * * In no case shall a lien exist for a greater amount than the sum claimed in the lien statement, nor for any amount, if it be made to appear that the claimant has knowingly demanded in the statement more than is justly due."

Plaintiff did not keep the best of records. He was unable to substantiate some of the items which he claimed to be due to the satisfaction of the trial court. In its findings, the court said:

"* * * That although said lien statement was filed for a sum in excess for the sum above found, the sum above found is all that his present records establish due and owing at this time as such records were introduced in the trial of this case. Although he may well have performed further and additional work and labor and furnished further and additional material, his present records as introduced at the trial do not establish said fact."

An honest mistake does not defeat the lien under the above statutory provision nor does the mere failure to prove items claimed in the lien statement. Before a lien claimant may be deprived of his lien under this statute there must be some showing of fraud, bad faith, or an intentional demand for an amount in excess of that due. Aaby v. Better Builders, Inc. 228 Minn. 222, 37 N. W. (2d) 234. There is no such showing here. We find no reversible error.

Affirmed.